SOUTHWESTERN COAL & IMPROVEMENT CO. VS McBRIDE
ET AL.

Opinion delivered January 2, 1900.

*1.  Indian Lands—Mineral Royalties—"Curtis Bill."*

Act of Cong. June 28, 1898, (30 Stat. 495) known as the "Curtis Bill," did not affect the rights of individual citizens of the Choctaw and Chickasaw Nations to mineral royalties earned and payable when the act was passed, nor destroy their right of action for enforcing same. (On the authority of and adopting opinion in Atoka Coal & Mining Co. vs. Adams, 3 Ind. Ter. Rep.)

Appeal from the United States Court for the Central District.

WILLIAM H. H. CLAYTON, Judge.

Action by H. Y. McBride and another against the Southwestern Coal & Improvement Company.    Judgment for plaintiffs.    Defendant appeals.    Affirmed.

*Clifford L. Jackson* and *J. G. Ralls*, for appellant.

*Stuart, Lewis & Gordon*, for appellees.

THOMAS, J.    In the case of Atoka Coal & Mining Co. vs Adams (decided by us at the last October term of this court) 3 Ind Ter. Rep. , we held that the Atoka agreement, abrogating all mining leases made by any person or corporation with members of the Choctaw or Chickasaw Nations, and directing that coal mines then in operation should thereafter be operated under the supervision of the secretary of the interior, and that the royalties should be paid into the

United States treasury, etc., and Act. Cong. June 28, 1898 (known as the "Curtis Bill") § 16 (Ind. T. Ann. St. 1899, § 57z6), declaring it to be unlawful for any person, after the passage of the act, except as therein provided, to claim, demand, or receive any royalty on certain minerals, and requiring that royalties should thereafter be paid into the treasury of the United States to the credit of the tribe, etc., did not affect the rights of individual citizens of the Choctaw Nation to royalties earned and payable when the act was passed, nor destroy the right of action for enforcing the same; and as the only question presented to us for our determination in this case is identical with that decided by us in that case, adhering to that decision, we adopt the opinion then handed down as expressing our view of the question of law arising here.    The judgment of the conrt below is affirmed.

TOWNSEND and GILL, JJ., concur.